NELSON P. COHEN
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-0004-JWS |
| | ) | |
| Plaintiff, | ) | **PLEA AGREEMENT** |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM E. ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.    Introduction

### A.    *Summary*

This brief introduction sets forth a summary of the terms of the plea agreement between the defendant and the United States.  This summary is not intended to supersede the language that follows this subsection.  It merely sets

forth a summary for the benefit of the court.

The defendant agrees to plead guilty to Counts 7 and 19 of the Superseding Indictment and waive his rights to appeal and to collaterally attack his sentence. He further agrees that the other counts be considered as relevant conduct under the guidelines and that restitution may be ordered on all counts for which the various entities and persons suffered losses. In exchange, the United States agrees to dismiss the remaining Counts of the Superseding Indictment, to recommend a three-level reduction for acceptance of responsibility, if otherwise applicable, and that this agreement will resolve all criminal for actions now known to the government, including possession of counterfeit items seized upon Mr. Allen's arrest, but not charged in the Superseding Indictment.

Further, pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties have agreed that Mr. Allen should be sentenced to a guideline sentence of 46 months, based on a total offense level of 23, as further explained below in section III(C).

B.     This document contains the complete plea agreement between the defendant and the United States. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

C.     The parties expressly agree that Federal Rule of Criminal Procedure

11(c)(1)(A) and 11(c)(1)(C) will control his plea agreement. This means that the defendant may withdraw from this agreement and the guilty plea(s) if the district court denies the government's post-imposition of sentence motion to dismiss the remaining charges in the Superseding Indictment or the district court does not follow the parties' sentencing agreement.

      D.    Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

## II.    What The Defendant Agrees To Do

      A.    I, WILLIAM E. ALLEN, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement.

I agree that the following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand that the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand

William E. Allen Plea Agreement

that, at an appropriate hearing during which any of my disclosures will be admissible, the district court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence.

## B.    Satisfaction With Counsel

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the district court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

## C.    Charge(s) To Which The Defendant Is Pleading Guilty

I agree to enter a plea of guilty to Counts 7 and 19 of the Superseding Indictment, which charge me with Bank Fraud and Engaging in Monetary Transactions in Criminally Derived Property in violation of Title 18, United States Code, Section 1344(1) and (2) and 1957 respectively. The elements of these

William E. Allen Plea Agreement

4

offenses are as follows:

## Count 7: Bank Fraud

1. The defendant knowingly executed or attempted to execute a scheme to obtain money or property from a financial institution by means of false statements or representations;

2. The defendant knew the statements were false or acted with reckless disregard for their truth or falsity;

3. The statements were material in that they were the type of statement or representation capable of influencing the financial institution;

4. The defendant acted with intent to defraud which may be inferred by reckless indifference to the truth or falsity of statements or representations; and

5. The financial institution was federally insured.

## Count 19: Engaging in Monetary Transactions in Criminally Derived Property

1. The defendant knowingly engaged in a monetary transaction, i.e., withdrew funds from a bank or attempted to do so;

2. The monetary transaction was in property of a value of greater than $10,000 and was derived from specified unlawful activity;

    3.      The defendant then knew that the monetary transaction

            involved proceeds of a criminal offense; and

    4.      The monetary transaction in some way or degree affected

            interstate commerce.

Bank Fraud is a specified unlawful activity. Monetary transaction means deposit,

withdrawal, transfer or exchange in or affecting interstate or foreign commerce of

funds or a monetary instrument.

### D.    Restitution

I agree to pay any restitution still outstanding to the victims of the counts

listed in the Superseding Indictment. The exact amount of restitution shall be

determined at sentencing. I specifically waive any right under *Hughey v. United

States*, 495 U.S. 411 (1990), to contest restitution to any victims listed in any of

the counts of the Superseding Indictment.

### E.    Factual Basis For Plea

I admit that the allegations against me in Counts 7 and 19 of the

Superseding Indictment are true and that the further allegations described in the

other counts are relevant conduct to the counts to which I am pleading guilty.  I

stipulate the following minimum factual basis for my plea(s) is true and supports

William E. Allen Plea Agreement

my guilty plea(s) in this case:

On September 4, 2002, ALLEN mailed a counterfeit check purportedly written to Anchor International Ministries, Inc. on an account of Southwest Bank of Texas in the amount $49, 953 to Northrim Bank for deposit. Allen then attempted to negotiate the check on September 4, 2002, at which time he was told that there was a hold on the check and funds would not be available until September 12, 2002. Despite this warning, ALLEN, attempted to wire $10,000 from these funds to Nigeria on September 9, 2002. He was told by bank officers that the check was counterfeit, he was involved in a scam and he should not have further contact with his contact in Nigeria.

On November 26, 2002, ALLEN deposited a counterfeit check purportedly written to AIM General Services, on an account of Augusta Service Company, Augusta, Georgia in the amount of $50,000 into an account at Alaska First Bank and Trust. ALLEN then withdrew approximately $38,300 from that account in checks to cash and cashier's checks between December 2, 2002 and December 6, 2002. He then transferred most of the remaining money to another financial institution and wired it to an individual in Nigeria. On December 6, 2002, said $50,000 counterfeit check was returned to AFBT as fraudulent. Allen was informed by AFBT that the check was fraudulent.

William E. Allen Plea Agreement

7

On November 25, 2003, ALLEN attempted to deposit a
counterfeit check purportedly written to AIM General Services, Inc. on an account
of Loehmann's Operating Co., Bronx, New York, in the amount of $115,000 into
an account at FNBA. Allen requested to receive cash from the deposit, but the
check was refused and ALLEN then left the bank with it.

On November 8, 2004, an associate of ALLEN attempted to
deposit a counterfeit check purportedly written to AIM General Services, Inc. on
an account of ASRS Federal Holding Company, LLC, "Greenbelt, MO". in the
amount of $49,282.67 at FNBA. The associate was told that FNBA would not
deposit the check, but that he could return with a cashier's check from Key Bank,
the bank on whose account the ASRS check was purportedly written. The
associate then successfully obtained a cashier's check from Key Bank based on the
counterfeit check, deposited the cashiers check in ALLEN's FNBA AIM General
Services, Inc. account and proceeded on ALLEN's instructions to transfer most of
the monies into another ALLEN account and withdraw the funds in cash. ALLEN
was told by Key Bank officers, on or about, November 17, 2004, that the check he
had caused his associate to negotiate at Key Bank was fraudulent.

On or about November 22, 2004, another associate of ALLEN, at
ALLEN's request, attempted to obtain a cashier's check at Key Bank with a

William E. Allen Plea Agreement

8

counterfeit ASRS check purportedly made out to AIM General Services, Inc. in the amount of $26,981.40. The check was refused and the associate then reported that he spoke to ALLEN.

Between November 24, 2004, and December 13, 2004, Allen deposited 25 counterfeit postal money orders in amounts totaling $24,400 at 3 separate branches of Credit Union One. Some of the deposits were made at the three different branches on the same day. ALLEN then withdrew approximately $14,820 from these counterfeit money orders.

On or about March 25, 2005, ALLEN attempted to deposit a counterfeit check purportedly written to AIM General Services, Inc. on the account of Coca Cola, LTD Canada in the amount of $365,871.09 at FNBA. ALLEN left a deposit slip at the bank with the check and requested that a receipt be mailed to him. The check was refused for deposit.

On or about September 28, 2005, ALLEN attempted to deposit a counterfeit check purportedly written to William E. Allen on the account of Chicago Bridge and Iron Company, Woodlands, Texas in the amount of $29,381.85 by mailing it to Credit Union One for deposit into his account. Upon receipt officers at Credit Union One contacted ALLEN who first said that he was expecting the check then denied knowledge of the check when informed that it

William E. Allen Plea Agreement

9

was fraudulent.

As a result of the scheme, ALLEN fraudulently obtained approximately $164,055.67 and attempted to obtain another $510,252.94 in fraudulent deposits.

In depositing, attempting to deposit and causing others to deposit the checks and money orders that were counterfeit, Allen acted at the least, with reckless disregard as to the truth or falsity of the representation contained in each check that it was a valid instrument, and, at some point in the scheme, Allen knew that the checks were counterfeit.

Each of the banks named in the Superseding Indictment were federally insured.

In addition, in March 2005, ALLEN provided 23 U.S. Postal money orders that were counterfeit to another individual in payment of a past debt.

Count 19

On December 2, 2002, ALLEN caused the deposit of a $31,000 cashier's check to be made into his Alaska USA Federal Credit Union account. The check was purchased with the proceeds of a $50,000 counterfeit check drawn on an account of Augusta Service Co, Augusta, Georgia. The deposit affected interstate commerce by being deposited into a financial institution.

William E. Allen Plea Agreement

**F.     Agreed Sentence**

I agree that the court should impose a sentence of 46 months imprisonment which constitutes the bottom of the applicable guideline range based on the calculations described below.

## III.   Penalties And Consequences Of Plea

### A.     Statutory Maximum Penalties

I understand the statutory maximum sentence for Count 7, which charges me with Bank Fraud in violation of 18 U.S.C. §1344 (2) includes the following: (1) 30 years imprisonment; (2) a $1 million fine; (3) a $100 mandatory special assessment; and (4) a five-year term of supervised release. I understand that the statutory maximum sentence for Count 19, which charges me with Engaging in Monetary Transactions in Criminally Derived Funds in violation of 18 U.S.C. §1957 include the following: (1) 10 years imprisonment; (2) a $250,000 fine; (3) a $100 mandatory special assessment; and (4) a 3 year term of supervised release. I understand the following may also apply and affect my sentence: (a) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the district court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; (b) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the district court imposes a fine of more than $2,500, interest will be charged on the balance

William E. Allen Plea Agreement

11

not paid within 15 days after the judgment date; (c) upon violating any condition

of supervised release, a further term of imprisonment equal to the period of the

supervised release may be imposed, with no credit for the time already spent on

supervised release; and (d) the district court shall order that I pay restitution

pursuant to 18 U.S.C. § 3663.

I agree that I will owe the entire special assessment, fine, costs or

restitution ordered in this case on the day the district court imposes sentence.  I

understand that all payments will be by check or money order, and are to be

delivered to the Clerk of Court, United States District Court, 222 W. 7th Avenue,

Box 4, Room 229, Anchorage, AK 99513-7564.

### B.    Additional Consequences Of Plea

I understand that in addition to any term of imprisonment and/or fine that is

imposed, the Court may order me to pay restitution to any victim of the offense, as

required by law.  I further understand that a consequence of pleading guilty may

include the forfeiture of certain property either as a part of the sentence imposed

by the Court, or as a result of civil judicial or administrative process.

I understand that any person convicted of a federal felony offense may lose

or be denied federal benefits including any grants, loans, licenses, food stamps,

and welfare, as well as the right to own or possess any firearms, the right to vote,

William E. Allen Plea Agreement

12

the right to hold public office, and the right to sit on a jury. I understand that if I am not a citizen of the United States, conviction of a federal felony may result in deportation.

## C.    Calculation Of Sentence

I understand and acknowledge that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. I further agree that the 46 month sentence contemplated by the parties is an appropriate sentence considering the above factors. Accordingly, I understand and

William E. Allen Plea Agreement

acknowledge that: The Court will determine my applicable Sentencing Guidelines range at the time of sentencing. Guidelines calculations will be set forth in the pre-sentence report prepared by the United States Probation Office. I understand that all adjustments to my offense level will be set forth in the pre-sentence report prepared by the U.S. Probation Office, and that unless admitted to herein, both parties will have the opportunity to argue their positions with respect to the base offense level as well as to any upward or downward adjustments that may affect my guideline offense level.

My criminal history category will also be determined by the United States Probation Office.

I understand and agree the district court will apply the preponderance of evidence standard of proof when resolving any factual disputes regarding my guideline sentence calculation. I understand that since the parties have agreed as the appropriate sentence in this case the guideline calculation will bind the court to the extent that the court must either accept the joint recommendation of the parties or reject this agreement in total.

The following represents the parties' agreed calculation of the guidelines and binds the district court to the extent that if the district court finds that the 46 month sentence agreed to by the parties is not appropriate, I may withdraw from

William E. Allen Plea Agreement

this agreement.

### SUMMARY:

       *BASE OFFENSE LEVEL* .............................. *7*

       *LOSS AMOUNT (Between $400,000 and $1,000,000)* ........ *+14*

       *MORE THAN 10 VICTIMS* ..........................................*+2*

       *LOCATION OF SCHEME OUTSIDE THE U.S.*...........................*+2*

       *1957 CHARGES*...........................................................*+1*

       *ACCEPTANCE OF RESPONSIBILITY* ................... *-3*

       *TOTAL OFFENSE LEVEL* ............................. *23*

       *ESTIMATED CRIMINAL HISTORY* ...................... *I*

       *SENTENCING RANGE*..............................*46 - 57   months*

    2.      The district court is bound by the parties joint recommendation of 46 months regarding the sentence to be imposed. The district court may accept the recommendation or reject this agreement in total. I may withdraw my pleas of guilty if the district court determines not to follow the parties' joint recommendation.

    **D.**    **Ultimate Sentence**. I acknowledge that except for the statements made above, no one has promised or guaranteed what sentence the Court will impose.

William E. Allen Plea Agreement

**E.    Post-Plea Conduct.**  I understand that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement.  If, after the date of this Agreement, I engage in illegal conduct (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to seek a sentence that takes such conduct into consideration.  Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

**IV.    Rights Waived By Pleading Guilty**

I understand that, by pleading guilty, I knowingly and voluntarily waive the following rights:

**A.    Trial Rights**

1.    The right to plead not guilty, and to persist in a plea of not guilty;

2.    The right to a speedy and public trial before a jury of my peers;

3.    The right to the effective assistance of counsel at trial, including, if I could not afford an attorney, the right to have the Court appoint one

William E. Allen Plea Agreement

for me;

      4.     The right to be presumed innocent until guilt has been established at trial beyond a reasonable doubt;

      5.     The right to confront and cross-examine witnesses against me at trial;

      6.     The right to compel or subpoena witnesses to appear on my behalf at trial;

      7.     The right to testify or to remain silent at trial, at which trial such silence could not be used against me; and

      8.     The right to contest the validity of any searches conducted on my property or person.

**B.    Appeal And Post-Conviction Rights**

By pleading guilty pursuant to this agreement, I understand and agree I am waiving all of these applicable rights including my right to appeal my conviction(s).  I further agree that if the district court imposes a sentence that does not exceed the statutory maximum sentence –as set forth above in this agreement and further sentences me in accordance with the terms of this agreement, I am waiving, without exception, my right to appeal on all grounds contained in 18 U.S.C. § 3742, the sentence the district court imposes upon me –including

William E. Allen Plea Agreement

17

forfeiture or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution. Additionally, I also knowingly and voluntarily agree to waive all right to collaterally attack my conviction(s) and/or sentence – including forfeiture or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution–the district court imposes. The only exceptions to this collateral attack waiver are as follows: (1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and (2) a challenge to the voluntariness of my guilty plea(s). I understand a collateral attack is an additional means separate from an appeal by which I could challenge my conviction or sentence. I also agree that if my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

## V.    What The United States Agrees To Do

A.    **Other Counts.** In exchange for the defendant's plea(s) of guilty to Counts 7 and 19, the United States agrees to dismiss the remaining counts of the

William E. Allen Plea Agreement

Superseding Indictment as they relate to the defendant. The United States agrees that it will not prosecute the defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charging instrument in this case and the defendant's admissions in support of the guilty plea(s) including any charges related to a counterfeit check written on the account of Womack Industries. Provided, however, if the defendant's guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

**B.** **Acceptance Of Responsibility**. If the defendant is completely candid and truthful with both the district court and the United States Probation Office in admitting the underlying criminal conduct and the defendant meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to  recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of

William E. Allen Plea Agreement

19

sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or

acts in a manner inconsistent with acceptance of responsibility, the United States

will not make or, if already made, will withdraw this recommendation and motion.

## VI.    Adequacy Of The Agreement

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is

appropriate in that, other than deductions for acceptance of responsibility it

conforms with the sentencing goals that would otherwise be applicable to the

defendant's case if the defendant had gone to trial and had been convicted on all

counts in the charging instrument.

The United States and the defendant acknowledge that these terms

constitute the entire Plea Agreement between the parties.  This Agreement only

binds the United States Attorney's Office for the District of Alaska.  It does not

bind any other United States Attorney's Office or any other office or agency of the

United States, or any state or local prosecutor.

## VII.   The Defendant's Acceptance Of The Terms Of This Plea Agreement

By my signature below, I, WILLIAM E. ALLEN, affirm this document

contains all of the agreements made between me–with the assistance of my

attorney–and the United States regarding my plea(s).  There are no other promises,

assurances, or agreements the United States has made or entered into with me that

William E. Allen Plea Agreement

20

have affected my decision to enter any plea of guilty or to enter into this

agreement. If there are any additional promises, assurances, or agreements, I and

the United States will jointly inform the district court in writing before I enter my

guilty plea(s).

I understand that I have a right to plead not guilty and proceed to trial, and

that no one can force me to plead guilty. I understand that no one, including my

attorney, can guarantee the outcome of my case or what sentence the district court

may impose if I plead guilty. If anyone, including my attorney, has done or said

anything other than what is contained in this agreement, I will inform the judge

when I stand before him to enter my plea. If there were, I would so inform the

district court.

I understand the district court will ask me under an oath to answer questions

about the offense(s) to which I am pleading guilty and my understanding of this

plea agreement. I understand that I may be prosecuted if I make false statements

or give false answers and may suffer other consequences set forth in this

agreement.

I have read this plea agreement carefully and understand it thoroughly. I

know of no reason why the district court should find me incompetent to enter into

this agreement or to enter my plea. I enter into this agreement knowingly and

voluntarily. I understand that anything that I discuss with my attorney is

privileged and confidential, and cannot be revealed without my permission.

Knowing this, I agree that this document will be filed with the Court.

Based on my complete understanding of this plea agreement, I therefore

wish to enter a plea of guilty to Counts 7 and 19.

DATED:   3/7/07

WILLIAM E. ALLEN
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED:  3/12/07

SUE ELLEN TATTER
Attorney for WILLIAM E. ALLEN

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED:  3/13/07

KAREN L. LOEFFLER
Assistant U.S. Attorney

DATED:  3/14/07

NELSON P. COHEN
United States Attorney

William E. Allen Plea Agreement

23