Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM EDWARD ALLEN,<br><br>Defendant. | NO. 3:06-cr-00004-JKS<br><br>**SENTENCING MEMORANDUM OF THE DEFENSE** |

The defendant, WILLIAM EDWARD ALLEN, through counsel, presents this memorandum for sentencing set for June 21, 2007, at 8:30 a.m.

I.   **INTRODUCTION**

William Allen, 61, an Army veteran, engineer and former minister with no significant criminal record, stands convicted of wire fraud and related charges. Late in life, after successful work and good family connections, Mr. Allen became involved in a Nigerian advance-fee operation, and his life fell apart. He repeatedly and foolishly tried to pass checks at banks sent to him by Nigerians. He signed confessions of judgment for

many of these checks and currently faces civil judgments from the banks of about $150,000, as well as numerous debts for his dismal financial condition.

Initially Mr. Allen was gullible and hopeful the Nigerians, who induced payment from Mr. Allen, would perform as promised. A bank employee and others advised him about a "scam," which made no commercial sense. However, Mr. Allen had faith that the Nigerian's promises, usually backed by references to God and prayer, would make good. Eventually, after dismal failures of good faith by the Nigerians, Mr. Allen became panicked and reckless, if not knowing, in his attempt to recoup his losses.

Mr. Allen is contrite and miserable. His wife of 40 years is seeking a divorce. His children are angry and disappointed. His health is poor and he faces years in jail at the end of a good life.

## II.    THE PLEA AGREEMENT

Mr. Allen and the government entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) specifying a sentence of **46** months. This sentence was at the low end of the guideline range calculated by the parties. The government and Mr. Allen agreed that the base level was 7, with a loss between $400,000 and $1 million for an addition of 14, an offense outside the country for an addition of 2, and "more than 10 victims" for another addition of 2, and an addition of 1 level for the money laundering count. These calculations resulted in a level of 26, decreased by an adjustment for acceptance of responsibility, resulting in a total offense level of 23. Under these calculations, Mr. Allen's guideline category is **46 - 57 months**.

Both parties agreed to be bound by the 46-month term. However, at the time the parties agreed, 46 months was the low end of the guidelines which the parties thought applicable.

### III.   THE PRESENTENCE REPORT

The presentence report ("PSR") computes the offense level somewhat differently than the parties. The PSR assigns a base level of 7, a monetary loss increase of 14, an adjustment of 2 levels for "sophisticated means" (the PSR rejected the parties' enhancement for a "scheme outside the country" under U.S.S.G. § 2B1.1(b)(9)(C) but applied a coordinate and equal enhancement for "sophisticated means"), and an enhancement of 1 level for the money laundering conviction. With a deduction for acceptance, the PSR calculated an offense level of 23, making the guideline range **37 - 46 months**.

Significantly, the PSR did not enhance the sentence for more than 10 victims under U.S.S.G. § 2B1.1(b)(2)(A)(I). The report writer stated, in ¶ 55A:

> Although the plea agreement in this case contemplates a two-level increase in the offense level under this guideline section, the probation officer has not applied such because he was unable to determine there were at least ten "victims" as that term is defined ... [in the guidelines]. Therefore, no two-level increase has been applied.

Thus, the absence of the enhancement means that the low end of the PSR guideline calculation is **37 months** rather than the period calculated in the plea agreement.

**IV.   WHO ARE VICTIMS?**

The guideline definition of "victim" found in U.S.S.G. § 2B1.1 comment, note 1, requires a person or institution who has suffered "actual loss."  In this case a number of banks, but not more than ten banks, suffered "actual loss."

Mr. Allen has a great deal of debts, and there are many individual debtors, many of them friends or former friends.  A number of people loaned Mr. Allen money to assist his ministry, help with his personal financial troubles and stave off the Nigerian problem.  The facts as presented in the PSR do not clearly indicate that more than one of the personal lenders, Mr. Eaton[1], suffered an "actual loss" as a result of this offense.  Applying the requisite burden of proof and the rule of lenity, there is currently no support for the enhancement.

Counsel has located no law in the Ninth Circuit specifically defining "victims" in the fraud area, other than United States v. Nazifpour, 944 F.2d 472 (9th Cir. 1991), which involves a much different factual situation.

**V.   ROLE OF THE COURT**

The above analysis means that counsel and Mr. Allen may have made a mistake in entering a plea agreement, relying on an enhancement that is not clearly proven.  However, the court is not bound by the agreement and can use its independent

---

[1] The defendant does not believe that Mr. Eaton is a victim suffering actual loss, since the actual loss claimed by him is also claimed by Denali Alaskan Federal Credit Union.

judgement to accept or reject the agreement, considering the guidelines and the factors in the sentencing statute, 18 U.S.C. § 3553(a).

Because the parties have been attempting to work this matter out, the defense suggests that the court indicate its view of an appropriate sentence under the statute and the guidelines. Then each party can decide whether or not to continue in reliance on the plea agreement, or to attempt to withdraw.

DATED this 15th day of June 2007.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:     907-646-3400
Fax:        907-646-3480
E-Mail:    sue_ellen_tatter@fd.org

Certification:
I certify that on June 15, 2007,
a copy of the *Sentencing Memorandum of the Defense* was served electronically on:

Karen Loeffler
Andrea T. Steward
Assistant United States Attorneys
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and on June 18, 2007, a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Sue Ellen Tatter